UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO ANTHONY,

       Plaintiff,

v.                                             Case No. 2:05-cv-66
                                             HON. GORDON J. QUIST

LINDA MAKI, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Lorenzo Anthony, an inmate currently confined at the Standish Maximum Correctional Facility (SMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Linda Maki, R.N., Corrections Officer Unknown Kennedy, and Deputy Warden David Bergh, all of whom were employed at the Alger Maximum Correctional Facility (LMF) during the pertinent time period.

Plaintiff's complaint alleges that on December 29, 2004, he was in his cell talking to another prisoner about a lawsuit he planned to file regarding LMF staff denying him meals when Defendant Kennedy told him that if he did not stop complaining and filing grievances, they would not feed him. Defendant Kennedy further stated that filing lawsuits would not change anything. Plaintiff told Defendant Kennedy to stay out of his business. Defendant Kennedy then told Plaintiff that a "black man's penis in the U.P. only belonged in his pants and not out in front of white woman [sic]." Defendant Kennedy also stated that if Plaintiff filed a lawsuit regarding staff not feeding him,

he would suffer. Plaintiff asked Defendant Kennedy how much more he could suffer, and Defendant Kennedy responded that Plaintiff would find out before the end of the day.

Later that day, Defendant Kennedy came to Plaintiff's cell and called him a monkey, and said that monkeys did not sleep on mattresses. Defendant Kennedy told Plaintiff that he would be losing his mattress within twenty-four hours. Plaintiff was subsequently reviewed on a major misconduct ticket written by Defendant Kennedy, which stated that Plaintiff had been standing on his mattress and masturbating during rounds, so that he could be seen by Defendant Maki. Plaintiff claims that the misconduct ticket was false and retaliatory. As a result of the ticket, Plaintiff was placed on mattress restriction, and his mattress was taken the next day. Plaintiff was forced to sleep on a cold slab for a period of 30 days. Plaintiff states that the misconduct ticket was supported by a false statement written by Defendant Maki. In Defendant Maki's written statement, she claimed that she went to his cell to sign his door card and to pick up the health care kite, and that it was at this point that she saw Plaintiff masturbating.

On January 19, 2005, Plaintiff was heard on the major misconduct ticket. The hearing officer viewed the video of the area at the time that the incident allegedly occurred and found that when Defendant Maki walked past Plaintiff's cell, she did not appear to be looking at his cell. Nor did Defendant Maki go to Plaintiff's door. The hearing officer further stated that Defendant Kennedy did no more than glance at Plaintiff's cell, and did not stop. Finally, the hearing officer observed that Defendants Maki and Kennedy walked back up the wing without looking at Plaintiff's cell. The hearing officer found that Plaintiff's account of the events was more believable as Defendants' account of the events was not supported by the video. Therefore, the misconduct ticket was dismissed.

Plaintiff complains that, even after the misconduct ticket against him was dismissed, he was continued on the mattress restriction and that Defendant Bergh failed to correct the problem after Plaintiff wrote letters of complaint to Defendant Bergh. Plaintiff seeks injunctive relief and damages.

Presently before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In their motion for summary judgment, Defendants claim that they are entitled to summary judgment on the retaliation claims. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 *1037 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Initially, Defendants state that Plaintiff did not engage in protected conduct because he was merely talking about filing a legal action. However, as noted above, when Defendant Kennedy overheard Plaintiff discussing his planned legal action, he told Plaintiff that if he did not stop complaining and filing grievances, they would not feed him. Therefore, Defendant Kennedy's conduct was allegedly motivated by Plaintiff's actions in filing grievances, as well as by the threatened lawsuit. The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*,

No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).  Therefore, it's clear that Plaintiff has satisfied the first element set forth in *Thaddeus-X*.

Defendants also claim that the issuance of a major misconduct ticket cannot be taken as evidence of retaliation because Defendant Kennedy was not involved in the final decision to approve the imposition of the mattress restriction.  The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted.  The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness;" the plaintiff need not show actual deterrence.  *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002).  The undersigned notes that the issuance of a false major misconduct conviction is sufficiently adverse conduct to satisfy *Thaddeus-X*.  Therefore, this contention lacks merit.

Defendants contend that Defendant Kennedy did not retaliate against Plaintiff because he would have taken the same action in the absence of any protected activity.  However, as noted above, Plaintiff was found not guilty of the misconduct because the videotape of the unit taken during the pertinent time period did not support the version of events given by Defendants Kennedy and Maki.  Rather, as noted by the hearing officer, the videotape supported Plaintiff's version of the events.  Therefore, since there was insufficient evidence to support a finding of guilt on the misconduct ticket, it is far from clear that Defendant Kennedy would have issued the misconduct ticket in the absence of any protected activity.  The undersigned concludes that Defendants have failed to show that they are entitled to summary judgment on Plaintiff's retaliation claims.

Defendants claim that they are entitled to summary judgment on Plaintiff's Eighth Amendment claims regarding the mattress restriction.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes*

*v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich* , 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

        Defendants state that Plaintiff was given an extra blanket when his mattress was taken. Plaintiff fails to allege that the replacement of his mattress with an extra blanket deprived him of basic human needs or caused him to suffer serious harm. The undersigned concludes that such a deprivation is not the type of condition which is "intolerable for prison confinement." *Rhodes*, 452 U.S. at 348; *Grissom v. Davis, et al.*, 55 F. Appx. 756, 757 (6th Cir. Feb. 12, 2003). Moreover, because Plaintiff does not allege or show that he suffered physical injury from the mattress restriction or required medical attention, his Eighth Amendment damages claim for mental anguish is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir.1999); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir.1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). Accordingly, Defendants are

entitled to summary judgment on Plaintiff's Eighth Amendment claims regarding the mattress restriction.

Defendants contend that they are entitled to summary judgment on Plaintiff's equal protection claim. In his complaint, Plaintiff claims that Defendant Kennedy told him that "black man's penis in the U.P. only belonged in his pants and not out in front of white woman [sic]." In addition, Plaintiff claims that Defendant Kennedy called him a "monkey," and stated that monkeys do not sleep on mattresses. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff alleges that he is a member of a suspect class; thus, Plaintiff is entitled to strict scrutiny.

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff alleges that Defendant Kennedy wrote a false misconduct ticket on him in an effort to have him placed on mattress restriction and that this conduct was motivated, at least in part, by Defendant Kennedy's desire to discriminate against him on the basis of his race. Defendants state that the evidence in the record supports a finding that he was placed on mattress restriction because of his "sexually deviant acts." However, as noted above, Plaintiff was found "not guilty" of masturbating on his mattress.

Further, the hearing officer found that the statements of Defendants Maki and Kennedy in support of the misconduct were contradicted by the videotape evidence. The hearing officer also found that Plaintiff's version of the events was supported by the evidence. Therefore, Defendants' assertion that the misconduct was issued solely because of Plaintiff's behavior lacks merit. Plaintiff's allegations, if true, could support his claim for relief. Accordingly, Defendants are not entitled to summary judgment on Plaintiff's equal protection claims.

Defendants claim that they are entitled to summary judgment on Plaintiff's claim that Defendants Maki and Kennedy engaged in a conspiracy in violation of 42 U.S.C. § 1985(3). In order to state a claim of civil conspiracy under 42 U.S.C. § 1985, a plaintiff must establish (1) a conspiracy involving two or more persons, (2) for the purpose of depriving a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. A plaintiff must also show some racial or other class-based invidiously discriminatory animus behind the conspirators' actions. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998); *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997); *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).

Defendants claim that Plaintiff has failed to come forward with any facts supporting his claim that Defendants Maki and Kennedy conspired against him in violation of § 1985. However, Plaintiff has alleged that he is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause because of inherent personal characteristics. *Seguin,* 968 F.2d at 590. In addition, Plaintiff has shown that Defendants Maki and Kennedy made statements in support of a misconduct ticket written by Defendant Kennedy, which the hearing officer found were contradicted by the videotape evidence. This conduct occurred after Defendant

- 8 -

Kennedy made a comment to Plaintiff indicating that he viewed African Americans as "monkeys," which was overheard by prisoner Lindsey #256696. (*See* affidavit of Prisoner Lindsey, attached to Plaintiff's response to the motion for summary judgment, docket #28.) In the opinion of the undersigned, Plaintiff has shown sufficient support for his conspiracy claim.

Defendants claim that they are entitled to summary judgment on Plaintiff's claim for an injunction enjoining Defendant Bergh "from the practice of placing Plaintiff on mattress restriction with the purpose of punishment and with no legitimate penological purpose." The undersigned notes that a transfer to another prison moots a prisoner's request for declaratory or injunctive relief. *Preiser v. Newkirk*, 422 U.S. 395, 402-03, 95 S. Ct. 2330, 2335 (1975); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Because Plaintiff was transferred to the Standish Maximum Correctional Facility from LMF following Defendants' alleged misconduct in this case, his claim for injunctive relief is now moot. *Preiser*, 422 U.S. at 402-03, 95 S. Ct. at 2335; *Kensu*, 87 F.3d at 175. Therefore, Defendants are entitled to summary judgment on this claim.

In summary, in the opinion of the undersigned, Plaintiff has sustained his burden of proof in response to Defendants' motion for summary judgment with regard to all of his claims, except for his Eighth Amendment claims. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #13) be granted with regard to Plaintiff's Eighth Amendment claims and denied with regard to Plaintiff's retaliation, equal protection and conspiracy claims.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                         /s/ Timothy P. Greeley
                                                         TIMOTHY P. GREELEY
                                                         UNITED STATES MAGISTRATE JUDGE

Dated:   February 14, 2006