UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO ANTHONY,   )
                   )
   Plaintiff,      )
                   )
v.                 )   Case No 2:05-cv-66
                   )   HON. R. ALLAN EDGAR
LINDA MAKI and BRUCE KENNEDY,  )
                   )
   Defendants.     )

**MEMORANDUM**

This prisoner civil rights case came before this Court for a jury trial on June 20, 2007. The plaintiff is Lorenzo Anthony, a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"). The defendants are Corrections Officer Bruce Kennedy and Registered Nurse Linda Maki who are employed by MDOC.

Plaintiff Anthony's chief claim was that he was retaliated against for exercising his First Amendment right to petition the State of Michigan for redress of grievances. He also claimed that he was the victim of a conspiracy to deprive him of his First Amendment rights, and claimed there was a violation of his Fourteenth Amendment right to equal protection of the laws because he was discriminated against on account of his race.

The trial commenced and a jury was selected. Midway through the plaintiff's proof he abruptly picked up and exited the courtroom. The Court then granted the defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The grounds for granting the motion were that: (1) plaintiff had not presented any proof that he had exercised any right secured to him under the First Amendment; (2) there was no evidence

of a conspiracy to violate the plaintiff's First Amendment rights; and (3) there was no evidence that the plaintiff suffered any race discrimination in violation of the Equal Protection Clause in the Fourteenth Amendment. Thus, all of the plaintiff's claims brought under 42 U.S.C. § 1983 completely failed as a matter of law.

Plaintiff presented two witnesses. These witnesses were the defendants. The proof, as far as it got, was that plaintiff had placed a blank medical "kite"[1] on his cell for nurse Maki to pick up on her rounds. While Maki and Officer Kennedy walked past the plaintiff's prison cell door, they both observed plaintiff standing on a mattress in front of the window of his cell door masturbating. The Court admitted, under Fed. R. Evid 406 as a habit or routine practice, documentary evidence of numerous other occasions that the plaintiff had done this very same thing to other nurses at the prison. Kennedy filed a major misconduct charge against plaintiff, and plaintiff wound up, according to his allegation, sleeping on the floor for thirty days without a mattress or bed because he had misused his mattress during the masturbation incident.

In his pleadings, plaintiff alleged that Officer Kennedy filed the major misconduct charge against him because Officer Kennedy had overhead plaintiff say that the plaintiff planned to file a lawsuit against Kennedy. However, at the time plaintiff walked out of the courtroom during the middle of the trial, no evidence of this had been presented, nor had any evidence of a conspiracy or racial discrimination been presented.

Plaintiff now moves for a new trial pursuant to Fed. R, Civ. P. 59(a). For the reasons stated herein, the motion for new trial [Doc. No. 255] will be denied.

---

[1] A medical "kite" is a message from a prisoner requesting medical attention.

This Court's decision to grant the defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) is entirely correct. Judgment as a matter of law should be granted to a defendant under Rule 50 where the Court concludes that a reasonable juror, relying on the evidence presented at trial, could not find for the plaintiff on each of the elements of his claim. *Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *Buntin v. Breathitt County Board of Education*, 134 F.3d 796, 798 (6th Cir. 1998); *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 306 (6th Cir. 1997). The Court must, of course, view the evidence in the light most favorable to the non-moving party (plaintiff Anthony) and make all reasonable inferences in his favor. *Gregory*, 220 F.3d at 441; *Balance Dynamics Corp v. Schmitt Industries, Inc.*, 204 F.3d 693, 688 (6th Cir. 2000); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 398 (6th Cir. 1998); *Buntin*, 134 F.3d at 798; *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994).

Generally, the Sixth Circuit holds that a new trial may be granted pursuant to Rule 59(a) when a jury has reached a seriously erroneous result as evidenced by: (1) the jury verdict is against the great weight of the evidence; (2) the damages awarded by the jury are excessive; or (3) the trial was unfair to the moving party in some fashion, i.e. the trial was influenced by prejudice or bias. *Mike's Train House, Inc. v. Lionel L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006); *Kusens v. Pascal Company, Inc.*, 448 F.3d 349, 367 n. 13 (6th Cir. 2006); *Mitchell v. Boelcke*, 440 F.3d 300, 303 (6th Cir. 2006); *Conte v. General Housewares Corp.*, 215 F.3d 628, 637-38 (6th Cir. 2000); *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46 (6th Cir. 1996); *see also Montgomery Ward & Co., v. Duncan*, 311 U.S. 243, 251 (1940). Rule 59(a) is broad enough to include a motion for new trial on any matter decided

by a court at trial without a jury. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2804 (2nd ed. 1995) ("Wright & Miller").

Since there is no jury verdict in this case, plaintiff Anthony limits his Rule 59(a) motion for new trial to alleged judicial misconduct. He contends the trial was unfair because he claims the undersigned District Judge was biased and prejudiced against him. According to plaintiff, the District Judge made erroneous, adverse rulings during trial that hindered his ability to present his case to the jury. It is alleged that the District Judge in effect became an advocate or "champion" for the defendants. Plaintiff says this caused him to lose heart and to become frustrated or dispirited, which led him to walk out of the trial. Plaintiff asserts that he was acting *pro se* and he did not know what else to do.

Of course, these are not valid reasons or excuses for plaintiff to walk out in the middle of the trial and abandon the trial. Although plaintiff was proceeding *pro se*, he is required to comply with the established rules of procedure and evidence that govern civil litigation and trials in federal court. He should have made and preserved his objections on the record for a possible appeal, but plaintiff chose not to do so.

Improper conduct by a trial judge may be a ground for a Rule 59(a) motion for new trial. 11 Wright & Miller § 2809. Motions for new trial predicated on claims of judicial misconduct are unusual and a new trial is not required if the judge's conduct has not resulted in an unfair trial. *Id*.

Plaintiff Anthony primarily concentrates on unfavorable judicial rulings. To analyze such claims of judicial bias or prejudice and to determine whether a new trial is warranted, the Sixth Circuit has been guided by *Liteky v. United States*, 510 U.S. 540 (1994). *See e.g.*

*United States v. Hynes*, 467 F.3d 951, 960-61 (6th Cir. 2006); *United States v. Lossia*, 193 Fed. Appx. 432, 436-38 (6th Cir. 2006); *United States v. Johnson*, 182 Fed. Appx. 423 432-34 (6th Cir. 2006);*Gale v. City of Tecumseh*, 156 Fed. Appx. 801, 809-10 (6th Cir. 2005).

In *Liteky,* the Supreme Court explains several important guiding principles. Judicial rulings alone almost never constitute judicial bias or prejudice to require the recusal or disqualification of a judge. *Liteky*, 510 U.S. at 555. Opinions formed by a judge on the basis of facts introduced or events occurring in the course of a trial, or of prior proceedings, do not constitute a valid basis to disqualify unless the judge's opinions display a deep-seated favoritism or antagonism that makes fair judgment impossible. Judicial remarks and comments made during a trial that are critical or disapproving of, or even hostile to counsel, a party or a party's case, ordinarily do not support a claim of impermissible judicial bias or prejudice. They will do so only if they reveal such a high degree of bias or prejudice as to make a fair and impartial judgment impossible. Moreover, judicial bias and prejudice are not established by a judge's mere expression of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what federal judges, as imperfect human beings, may sometimes display. A judge's ordinary efforts at courtroom administration remain immune from claims of judicial bias and prejudice. *Likety*, 510 U.S. at 555-56; *accord, Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006); *Lossia*, 193 Fed. Appx. at 436-38; *Johnson*, 182 Fed. Appx. at 432-34; *Gale*, 156 Fed. Appx. at 809-10; *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002).

Nothing that this Court said or did during the course of the instant abbreviated trial amounted to bias, prejudice, or favoritism in any way. The Court actually tried to help

plaintiff Anthony by trying to keep him on task and prevent him from presenting a lot of irrelevant evidence.  Plaintiff grew irritated, picked up his papers, shouted a few "observations," and left the courtroom, even though the Court tried to encourage him to stay and finish the trial.  The fact is, based on what he presented as evidence, no objectively reasonable juror could have found for the plaintiff on the elements of his claims.  The Court properly granted the defendants' motion for judgment as a matter of law under Rule 50(a).

Accordingly, the plaintiff's motion for new trial [Doc. No. 255] will be **DENIED** pursuant to Fed. R. Civ. P. 59(a).  For the reasons expressed on the record and in this memorandum opinion, the Court finds and shall certify that any appeal by plaintiff Anthony in this case would be frivolous and not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  An order will enter.

Dated: July 25, 2007.

>    */s/ R. Allan Edgar*
> R. ALLAN EDGAR
> UNITED STATES DISTRICT JUDGE